IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT AMERICAN INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
  v. ) No. 10 C 7240
 )
LANDSCAPE CONCEPTS CONSTRUCTION,)
et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER[1]

Great American Insurance Company ("Great American") has filed a Complaint against two defendants--one corporate and the other an individual--in which it invokes federal subject matter jurisdiction on diversity of citizenship grounds. Because the Complaint is inexplicably flawed in that respect, this memorandum order is issued sua sponte to require Great American's counsel to cure the defect.

It has been more than two centuries since the issuance of the seminal opinion in <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806), in consequence of which each party's state of citizenship is the status universally made relevant by 28 U.S.C. §1332, by all of the caselaw and by the very label "diversity of citizenship." That being so, it is frankly astonishing to find

---

[1] This is being published solely as a matter of convenience (and not because it adds any new insights), so that any counsel in future cases who commit the same error can simply be referred to this opinion.

lawyers who, despite that couldn't-be-clearer terminology, will still refer instead to a party's residence (something that does not necessarily coincide with citizenship). It is perhaps unsurprising, then, that our Court of Appeals has exhibited little patience in such situations, teaching repeatedly as in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

This Court is loath to apply that Draconian remedy right out of the box. Instead Great American's counsel is ordered to cure the flawed allegation (if it is indeed curable) within 14 days from the date of this memorandum order, failing which this Court would be constrained to comply with the mandate ("must dismiss") in such cases as <u>Adams</u>.

Of course no charge is to be made to Great American by its counsel for the added work and expense incurred in correcting counsel's errors. Great American's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 15, 2010